Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

FILED
Clerk
District Court

FEB 1 1 2010

For The Northern Mariana Islands
By_____
(Deputy Clerk)

COPY of
Original Filed
on this date

FEB 11 2010

Clerk
District Court
For The Northern Mariana Islands

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CIVIL ACTION NO. CV 10 0005 |
| | ) (Criminal Action No. 05-00027) |
| Plaintiff | ) |
| | ) |
| v. | ) MOTION PURSUANT TO |
| | ) 28 U.S.C. § 2255 TO CORRECT, |
| MING YAN ZHENG | ) SET ASIDE OR VACATE |
| | ) SENTENCE |
| Defendant | ) |
| | ) |

Ming Yan Zheng ("Zheng") hereby moves pursuant to 28 U.S.C. § 2255 to correct, set aside or vacate her sentence. This motion is supported by the Declaration of Counsel and memorandum of points and authority filed herewith and the following:

1. Zheng is currently in the custody of the United States Bureau of Prisons and is serving her sentence at Danbury Federal Correctional Facility located at

Danbury, Connecticut with prisoner registration number 00504-005. Because Zheng is not incarcerated in the Northern Mariana Islands she is unable to sign this motion. However, Zheng agrees with pursuing this motion and can verify the motion if the court so requires and allows for the appropriate time to obtain the verification.

2.  Zheng seeks this relief under 28 U.S.C. § 2255 based on (1) a Sixth Amendment violation based on the jury not making the requisite factual finding as required by *United States v. Todd*, 584 F.3d 788 (9th Cir. 2009) to support the imposition of a sentence for the sex trafficking offenses, (2) a due process violation based on the failure to establish a nexus to commerce which was an essential element to sustain her convictions on the substantive charges, and (3) the government's failure to establish the essential element of nexus to commerce results in Zheng being innocent on the substantive charges against her.

3.  Zheng has not previously filed any motion pursuant to 28 U.S.C. § 2255 or any other statute authorizing post-conviction relief.

4.  Zheng and her co-defendant Chang Da Liu were charged in a second

superseding indictment with two counts of sex trafficking in violation of 18 U.S.C. § 1591, one count of foreign transportation for prostitution ("Mann Act") in violation of 18 U.S.C. § 2421.2, one travel fraud count in violation of 18 U.S.C. § 2314.2 and one conspiracy count in violation of 18 U.S.C. § 371 as well forfeiture allegations.

5. The liability portion of the sex trafficking statute, 18 U.S.C. § 1591(a) provides, as follows:

> (a) Whoever knowingly-
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing that force, fraud, or coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

6. At the close of the evidence the jury received the following instructions

with respect to the sex trafficking counts:

> The defendants are charged in counts two and three with sex trafficking in violation of 18 U.S.C. Section 1591. In order for defendant to be found guilty of that charge the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly and willingly recruited, enticed, harbored, transported by any means a person knowingly benefitted financially or by receiving anything of value from participating — participation in a venture which engaged in such conduct,
>
> Second, the defendant knew that fraud, force or coercion would be used to cause a person to engage in a commercial sex act; and
>
> Third, the acts of the defendant or the venture were in or affecting interstate commerce,
>
> "Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.
>
> "Coercion" means threats of serious harm to or physical restraint against any person; or any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or the abuse or threatened abuse of law or the legal process.
>
> "Venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

7.   The third element of the sex trafficking charge required proof beyond a reasonable doubt of nexus to commerce.

8.   The jury instruction for the Mann Act charge and travel fraud charge also establish that each offense required proof of proof beyond a reasonable doubt of nexus to commerce to sustain a conviction.

9.   The jury instructions for the sex trafficking, Mann Act and travel fraud charges are attached to the Declaration of Counsel as Exhibit A.

10.   The jury returned a guilty verdict on all counts. In determining guilt on the sex trafficking counts, the jury did not make a finding that the sex trafficking of the victims was "effected by fraud, force or coercion". A copy of the jury verdict is attached to the Declaration of Counsel as Exhibit B.

11.   Zheng was sentence to 78 months imprisonment for the sex trafficking counts. She was also sentenced to 78 months for the Mann Act count and the travel fraud count. She was sentenced to 60 months on the conspiracy count. The sentences are running concurrently. A copy of the judgment is attached to the Declaration of Counsel as Exhibit C.

12.   Zheng timely appealed and among other issues she challenged her

conviction on the sex trafficking charges, Mann Act charge and travel fraud charge on grounds of the sufficiency of the evidence. Nexus to commerce is an essential element that must be proved beyond a reasonable doubt to sustain a conviction for sex trafficking, a Mann Act violation and travel fraud. On appeal Zheng contended that the government did not and could not prove essential element of nexus to commerce as a mater of law. The Ninth Circuit, however, did not address that issue. Instead, the court framed Zheng's issue as whether could prosecute her on the charges and not whether the government proved the essential element of nexus to Commerce. The court then affirmed Zheng's convictions on grounds that the statutes were applicable in the Commonwealth regardless of whether the commerce or territorial clauses applied to the Commonwealth. A copy of the opinion affirming Zheng's conviction is attached to the Declaration of Counsel as Exhibit D. The opinion was published as *United States v. Liu*, 538 F.3 1078 (9th Cir. 2008)[1].

13. Zheng filed a timely petition for rehearing with a suggestion for rehearing en banc based on the court not addressing Zheng's sufficiency of the evidence

---

[1] Zheng's co-defendant Chang Da Liu also appealed and the appeals were consolidated.

issue regarding the nexus to commerce element necessary for conviction on the sex trafficking, Mann Act and travel fraud charges. A copy of the rehearing petition is attached to the Declaration of Counsel as Exhibit E.

14. The court denied Zheng's rehearing petition. One judge voted for rehearing but two voted to deny rehearing. No judge requested en banc review. A copy of the order denying Zheng's rehearing petition is attached to the Declaration of Counsel as Exhibit F.

15 The order denying Zheng's rehearing petition was issued on November 13, 2009 in San Francisco, California.

16. Zheng did not file a petition for certiorari to the United States Supreme Court.

17. Subsequent to the denial of Zheng's rehearing petition, the Ninth Circuit held that for a defendant to be sentenced for sex trafficking, the jury must find that the trafficking offenses were "effected by fraud, force or coercion," and the failure of the jury making such a finding precluded the imposition of any sentence for a

sex trafficking conviction. *Todd*, 584 F.3d at 793.

18. The punishment portion of the sex trafficking statute, 18 U.S.C. § 1591(b), provides as follows:

> b) The punishment for an offense under subsection (a) is-
>
> (1) if the offense was effected by force, fraud, or coercion or if the person recruited, enticed, harbored, transported, provided, or obtained had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
>
> (2) if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, or obtained had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

19. Based on this statutory language, *Todd* determined that when a sex trafficking victim is over the age of 18, imposition of a sentence of imprisonment is proper only when the jury specifically finds that the offense was "effected by fraud, force or coercion." 584 F.3d at 793.

20. *Todd* noted that the Sentencing Guidelines provided guidance for sentencing a sex trafficking offender when when "no fraud, force or coercion

have been found by the jury." *Id.* However, such advisory provisions "do not have the force of a statute" and the advisory Guidelines cannot "recommend a penalty not provided by a statute." or supplement a "hole in the statute." *Id.*

21. The defendant in *Todd* did not challenge his sentence based on the jury's failure to make the requisite factual finding and the court observed that the omission of the jury finding was not obvious to the parties or the district judge. *Id.* Nevertheless, upon discovering the statutory sentencing gap, the *Todd* court reasoned that the omission of the jury finding was "fatal to 'the fairness, integrity [and] public reputation of judicial proceedings.'" *Id* quoting *Silber v. United States*, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962). Accordingly, the court held the sex trafficking sentences "[i]imposed without proper jury findings" could not stand. *Todd,* 584 F.3d at 793.

22. The judgment shows that Zheng's sex trafficking convictions were based on fraud, force or coercion as defined by 18 U.S.C. § 1591( c)(2). See Declaration of Counsel Exhibit C.

23. In deciding *Todd*, the Ninth Circuit acknowledged Zheng's appeal and

noted that the jury instructions in her case were similar to those in *Todd*." 584 F.3d at 793.

24. *Todd* further noted that Zheng's jury did not find "fraud, force or coercion" and the omission of "such a finding was not raised by the parties nor noticed by the court affirming the judgment." *Id. See* Declaration of Counsel Exhibits B and D.

25. Thus, as in *Todd*, the omission of the jury finding "fraud, force or coercion" in Zheng's sex trafficking conviction is "fatal to 'the fairness, integrity [and] public reputation of judicial proceedings.'" *See Id* at 783 quoting *Silber v. United States*, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962), thereby requiring not only vacating of the sentence on those charges but also on the conspiracy, Mann Act and travel act charges. 584 F.3d at 794.

WHEREFORE, based on this motion, the accompanying declaration of counsel and memorandum and for good cause shown and appearing, Zheng requests the following:

1. A hearing to address the issues raised by Zheng in this motion

2.  An order that Zheng's conviction for sex trafficking, Mann Act violation and travel fraud be set aside or vacated.

3.  An order that Zheng's sentence for sex trafficking is illegal or unlawful.

4.  An order directing that Zheng's sentence for sex trafficking, conspiracy, Mann Act violation and travel fraud be set aside or vacated;

5.  Such other and further relief as is just and necessary.


Law Office of G. Anthony Long

By: _____
    George Anthony Long